# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>EDWARD S. ALAMEIDA,<br><br>        Defendants.<br>_____/ | CV F 03 5369 OWW LJO P<br><br>ORDER DENYING MOTION CONSENTING TO DEPOSITION AND OPPOSING MECHANICAL RESTRAINTS (Doc. 146) |

      Eric Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

      On April 28, 2005, Plaintiff filed a pleading titled "Motion Consenting to Deposition and Objects to Mechanical Restrains and Officers present." In this document, Plaintiff asks that the Court issue an Order requiring the CDC to allow Plaintiff to be deposed without any restraints and disallow the presence of any CDC staff.

      The Court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including that discovery be conducted with no one present except persons designated by the court. Fed. R. Civ. P. 26(c)(5). A party seeking such a protective order must, however, include a certification that he has in good faith conferred or attempted to confer with the other affected parties in an attempt to resolve the dispute without court action. Id. In this instance, Plaintiff has not included the required certification.

1

1  Additionally, Plaintiff is a convicted prisoner in the custody of the California Department
2  of Corrections.  Plaintiff's provides no compelling justification as to why he must be deposed
3  without mechanical restraints or outside the presence of CDC staff.   His contention is simply
4  that it is not necessary.  The Court will not insert itself into this matter and direct that the
5  Department allow  to be deposed without the presence of a staff member or without restraints.
6  As Plaintiff is a convicted prisoner in state custody, the State is charged with making safety and
7  security determinations of its inmates.

8  The Court notes that this is not a situation where Plaintiff is contending that many more
9  correctional staff will present than necessary or that certain staff members will be present for the
10 purpose of harassing or intimidating .  Regardless, this issue is one that Plaintiff must first
11 attempt to resolve with defendants' counsel before seeking intervention by the court.

12 Accordingly, Plaintiff's Motion seeking a court order allowing his deposition to be
13 conducted outside the presence of California Department of Corrections staff is DENIED.

15 IT IS SO ORDERED.

16 **Dated:   May 7, 2005**                          **/s/ Lawrence J. O'Neill**
   b9ed48                                     UNITED STATES MAGISTRATE JUDGE