# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JOHNSON, | CV F   03 5369 OWW LJO P |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR PROTECTIVE ORDER (Doc. 47) |
| EDWARD S. ALAMEIDA, JR., | |
| Defendants. | |

Eric Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed an Amended Complaint on September 22, 2003, and the Court found cognizable his claim against Defendant Alameida, Jr. for violation of the Eighth Amendment based on an unconstitutional policy and practice regarding transgender inmates.

On May 2, 2005, Plaintiff filed the instant Motion for Protective Order stating that he was currently scheduled to be deposed by Defendants on May 18, 2005. Plaintiff was scheduled for a review of his central files on May 9, 2005, but alleges that prison officials are not complying in allowing him to review the files prior to May 9, 2005. Plaintiff states this leaves him with insufficient time to prepare for the deposition. Plaintiff also requested that the deposition be conducted without the presence of prison officials or security restraints on his person.

On May 6, 2005, Defendants filed an Opposition to the Motion for Protective Order stating that Plaintiff has failed to present good cause for a protective order.

Federal Rule of Civil Procedure 26(c), provides that "on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice

requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including one or more of the following . . . . (2) that the disclosure or discovery not be had; . . . (5) that discovery be conducted with no one present except persons designated by the Court.  Fed.R.Civ.P. 26(c).

In an Order issued May 9, 2005, the Court denied Plaintiff's request that he be deposed without physical restraints and without the presence of prison officials.

With regard to Plaintiff's allegation that he has insufficient time to review his central files and prepare for a deposition, the Court finds Plaintiff has failed to present good cause warranting the issuance of a protective order.

As noted by Defendants, Plaintiff does not demonstrate the specific prejudice or harm that will result if a protect order is not granted. See, Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (holding that broad allegations of harm unsubstantiated by specific examples do not satisfy the requirements of Rule 26(c)).  Other than his assertion that there is insufficient time to review the files and prepare for the deposition, Plaintiff provides no information on why more time is needed.  Accordingly, the Court will DENY the Motion for Protective Order based on Plaintiff's failure to demonstrate good cause.

The Court notes further that in filing the Motion for Protective Order, Plaintiff has also failed to comply with Rule 26(c)'s requirement that Plaintiff provide "certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action . . . ."[1] Fed. R. Civ. Pro. 26(c).  In any event, as the Court finds the Motion lacking in good cause, the Motion for Protective Order is DENIED.

IT IS SO ORDERED.

**Dated:   May 11, 2005**               **/s/ Dennis L. Beck**
3b142a                         UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to the Court's discovery and scheduling order issued August 11, 2004, "[a] discovery motion that does not comply with all applicable rules will be stricken . . . ." (Court Doc. 22:6-10.)

2