# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JOHNSON, | CV F   03 5369 OWW LJO P |
| Plaintiff, | ORDER GRANTING REQUEST FOR AN EXTENSION OF TIME AS PREMATURE |
| v. | (Doc. 75.) |
| EDWARD S. ALAMEIDA, JR. et. al., | |
| Defendants. | |

Eric Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 26, 2005, Plaintiff moved for an extension of time to file a separate statement of *undisputed* facts to his Opposition to the Motion for Summary Judgment.  However, no Motion for Summary Judgment had been filed by Defendants.  Thus, on October 7, 2005, the Court denied the Motion as premature.  Defendants filed a Motion for Summary Judgment on

1

October 5, 2005, however.

On October 20, 2005, Plaintiff filed a Motion for an Extension of time to file a Statement of Disputed facts.  Plaintiff's request is unnecessary, however, as he may file an Opposition to the Motion for Summary Judgment which would include a Statement of Undisputed Facts.

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  It is the moving party's burden to establish that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. <u>British Airways Board v. Boeing Co.</u>, 585 F.2d 946, 951 (9th Cir. 1978).

Pursuant to Local Rule 56-260(b), any party opposing a Motion for Summary Judgment "shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to t he particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial." Local Rule 56-260(b).  A moving party's failure to cite to the evidence relied upon in support of each specific fact makes a responding party's burden and the Court's resolution of the motion unnecessarily more difficult.  In fact-specific cases, the Court is disinclined to overlook the failure to comply with the mandate of Local Rule 56-260(b).  The responding party should be able to quickly ascertain what facts offered by Plaintiff are to be contested and what evidence is relied upon in support of each fact.

Although the Court is cognizant of the fact that Plaintiff is a non-attorney proceeding pro se and is incarcerated, all parties are required to comply with this rule, regardless of their status. Any Opposition not in compliance with this requirement may not be considered by the Court as the Court will not require the opposing party to sift through the Opposition and try to figure out for themselves the facts and the evidence relied on by the Plaintiff.   Plaintiff should carefully consider the above information in formulating his Opposition to the Motion for Summary Judgment to ensure compliance with the rules.   With that said, Plaintiff will be granted additional time to submit an Opposition to the Motion for Summary Judgment.

The Court HEREBY ORDERS:

1.  Plaintiff's Request for an Extension of time is GRANTED. The Opposition to the Motion for Summary Judgment is DUE within THIRTY (30) DAYS of the date of service of this Order.

IT IS SO ORDERED.

**Dated:   November 16, 2005**                          /s/ Lawrence J. O'Neill
b9ed48                                                                   UNITED STATES MAGISTRATE JUDGE