1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   ERIC JOHNSON,                          CV F   03 5369 OWW LJO P

10                    Plaintiff,           FINDINGS AND RECOMMENDATION
                                           REGARDING MOTION FOR PRELIMINARY
11         v.                              INJUNCTIVE RELIEF (Doc. 62.)

12
13  EDWARD ALAMEIDA,

14                    Defendant.
    _____/

15
16         Eric Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

17  this civil rights action pursuant to 42 U.S.C. § 1983.

18         On September 12, 2005, Plaintiff moved for a Preliminary Injunctive to prevent the

19  Defendant from revoking single cell status.  In addition, Plaintiff requests that the Court issue an

20  Order restraining Correctional Counselor's E. Devlin and M. Nipper from supervising Plaintiff's

    case factors at Institutional Classification Committee hearings.
21
22         The purpose of a preliminary injunction is to preserve the status quo if the balance of

23  equities so heavily favors the moving party that justice requires the court to intervene to secure

24  the positions until the merits of the action are ultimately determined.  University of Texas v.

25  Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who

26  "demonstrates either (1) a combination of probable success and the possibility of irreparable

27  harm, or (2) that serious questions are raised and the balance of hardship tips in its favor."

28  Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either

1

1  approach the plaintiff "must demonstrate a significant threat of irreparable injury." <u>Id</u>.  Also, an

2  injunction should not issue if the plaintiff "shows no chance of success on the merits." <u>Id</u>.  At a

3  bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or

4  questions serious enough to require litigation." <u>Id</u>.

5       In the Complaint, Plaintiff alleges that he is a transgender and that the California

6  Department of Corrections regulations regarding classification, housing and yard placement are

7  unconstitutional under the Eighth Amendment because they insufficient to protect him given his

8  status as a transgender.

9       In the Motion for Preliminary Injunctive Relief, Plaintiff requests that the Court issue an

10  injunction prohibiting the named Defendants from participating on any classification committee

11  that might revoke his single cell status and also prevent the institution as a whole from revoking

12  his single cell status.  A mandatory preliminary injunction such as that sought by Plaintiff in the

13  instant motion "is subject to heightened scrutiny and should not be issued unless the facts and the

14  law clearly favor the moving party." <u>Dahl v. Hem Pharmaceuticals Corp.</u>, 7 F.3d 1399, 1403

15  (9th Cir. 1993).  Here, however, Plaintiff fails to submit any evidence that he has a likelihood of

16  success on the merits.  In addition, Plaintiff fails to demonstrate irreparable harm.  Plaintiff's

17  believe that he will be subjected to harm should he be removed from his single cell status is

18  purely speculative.  Here, Plaintiff generally avers that his safety will be compromised should his

19  single cell status be revoked.  Speculative injury, however, does not constitute irreparable harm.

20  <u>Goldies' Bookstore, Inc. v. Superior Court of the State of California</u>, 739 F.2d 466, 472 (9th Cir.

21  1984).

22       In addition, the court is unable to issue any order against individuals who are not parties

23  to a suit pending before it. <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969).

24  Plaintiff's motion fails to link any alleged conduct or harm to parties named in this action.

25  RECOMMENDATION

26       Accordingly, based on the foregoing, the Court RECOMMENDS that the Motion for

27  Preliminary Injunctive Relief be DENIED.

28       The Court HEREBY ORDERS that these Findings and Recommendations be submitted

2

1    to the United States District Court Judge assigned to this action pursuant to the provisions of 28

2    U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States

3    District Court, Eastern District of California.  Within THIRTY (30) days after being served with

4    a copy of these Findings and Recommendations, any party may file written Objections with the

5    Court and serve a copy on all parties.  Such a document should be captioned "Objections to

6    Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served

7    and filed within TEN (10) court days (plus three days if served by mail) after service of the

8    Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

9    § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time

10   may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153

11   (9th Cir. 1991).

12   IT IS SO ORDERED.

13   **Dated:    December 15, 2005            /s/ Lawrence J. O'Neill**
     b9ed48                              UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28